# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **c/o United States Attorney** | : | |
| **Judiciary Center Building** | : | |
| **555 Fourth Street, N.W.** | : | |
| **Washington, D.C.  20530** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No.** |
| | : | |
| **ONE 2001 JEEP GRAND** | : | |
| **CHEROKEE LAREDO 4X4,** | : | |
| **SPORT UTILITY 4-DOOR** | : | |
| **VIN: 1J4GW48S71C683464,** | : | |
| **WITH ALL APPURTENANCES** | : | |
| **AND ATTACHMENTS THEREON,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America, by and through its attorney, the United States Attorney for

the District of Columbia, respectfully states as follows:

1.  This is a civil action, *in rem*, brought to enforce:  21 U.S.C. § 881(a)(4), which

provides for the forfeiture of any conveyances, including vehicles, which are used or intended for

use, to transport or in any manner, facilitate the transportation, sale, receipt, possession or

concealment of a controlled substance; and 21 U.S.C. § 881(a)(6), which provides for the

forfeiture of anything of value that is furnished in exchange for a controlled substance, is

traceable to such an exchange, or is intended to be used to facilitate any violation of 21 U.S.C.

§801 *et. seq*.  Additionally, this action is brought to enforce 18 U.S.C. § 981(a)(1)(A), which

provides for the forfeiture of any property, real or personal, involved in a transaction or attempted

transaction in violation of 18 U.S.C. §§ 1956 or 1957 (money laundering), or any property traceable to such property.

2.   This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355(a).  Jurisdiction and venue are established by virtue of 28 U.S.C. §§ 1355(b) and 1395.

3.   The defendant *in rem* is more fully described as a 2001 Jeep Grand Cherokee Laredo sport utility vehicle, VIN: 1J4GW48S71C683464, bearing Maryland tag number M667480, with all appurtenances and attachments thereon, (hereinafter, "Jeep Grand Cherokee," "defendant Jeep Grand Cherokee" or "defendant vehicle").

4.   The defendant Jeep Grand Cherokee is registered to Deniece Jones with an address in Brandywine, Maryland.

5.   The defendant Jeep Grand Cherokee was seized while located within the jurisdiction of this Court and will remain in the jurisdiction of this Court during the pendency of these proceedings.

6.   On January 3, 2006, Deniece Jones filed an administrative claim of ownership for the defendant Jeep Grand Cherokee with the Federal Bureau of Investigation.

7.   The defendant vehicle had a lien of $4,740.62 through Chrysler Financial Corporation at the time of seizure.  Presently, the lien balance is approximately $2,934.65.

## BACKGROUND

8.   Since late 2004, Special Agents of the Federal Bureau of Investigation were conducting an ongoing criminal investigation into a large-scale, violent drug trafficking organization operated by Antoine Jones.  Antoine Jones was identified as the main supplier of kilogram quantities of cocaine to distributors in the D.C. metropolitan area.  Jones kept his drug

operation discreet, wherein he limited his contacts regarding drug deals only to those individuals known personally to him or his trusted associates. Jones also operated a nightclub in the District of Columbia called "Levels", located in the 1900 block of Montana Avenue, NE, Washington, D.C., where he met with his wholesale distributors to discuss and transact illicit drug deals.

9. Antoine Jones' criminal history dates back to 1989 for narcotics trafficking. Jones has been arrested and convicted on drug and weapons charges. In one case, in particular, Jones was arrested in 1993 on charges of possession with intent to distribute fifty (50) grams or more of cocaine base and carrying a firearm during a drug trafficking offense. Shortly after being released on bond from those charges, Jones was re-arrested for possession of over 600 grams of cocaine. Jones pled guilty to this charge.

## Antoine Jones' recent drug trafficking activities:

10. From October 2004 until October 2005, an ongoing criminal investigation revealed that Antoine Jones was engaging in large-scale narcotics trafficking in the Washington, D.C. metropolitan area. Specifically, in October 2005, law enforcement agents tracked the defendant Jeep Grand Cherokee with a court authorized electronic surveillance device. The surveillances revealed that Antoine Jones drove the Jeep Grand Cherokee at numerous times to drug deals in the D.C. and Maryland areas. Deniece Jones (Johnson) purchased the defendant Jeep Grand Cherokee in June 2001, at Nissan Jeep Eagle of Waldorf, Maryland, for $34,934.58. At all times during the investigation (from 2004 through 2005), Antoine Jones possessed dominion and control over the defendant vehicle. In addition, surveillance revealed that the defendant Jeep Grand Cherokee also was parked regularly at the Jones' residence, located at 10870 Moore Street, Waldorf, Maryland.

3

11.  From September 2, 2005 through October 24, 2005, the FBI intercepted telephone calls made by Antoine Jones and his co-conspirators.  On numerous occasions, Jones was overheard during these calls discussing narcotics transactions in coded language.

12.  As a result of the above events in October, 2005, duly sworn law enforcement officers served eleven federal search warrants in Maryland and in the District of Columbia.  One of these warrants was served at a "stash" house of Antoine Jones in Fort Washington, Maryland.

## BASIS FOR FORFEITURE

13.  On October 24, 2005, FBI agents executed a search warrant at 10870 Moore Street, Waldorf, Maryland–the residence of Deniece and Antoine Jones.  Officers entered the premises and found Deniece and Antoine Jones in an upstairs bedroom.  Both Deniece and Antoine Jones were present during the execution of the search warrant.  Pursuant to the search conducted at the above premises, officers recovered four hundred fifty-two ($452.00) dollars in U.S. currency (which was in a pair of male jeans), two cellular telephones, and personal and financial documents.

14.  Officers asked Antoine Jones for permission to search his Jeep Grand Cherokee, which was parked outside the house.  Antoine Jones gave officers his consent.  Upon searching the Jeep Grand Cherokee, officers found sixty-nine thousand one hundred ninety-one ($69,191.00) dollars inside three separate bags, located in the rear of the defendant vehicle. Jones was then placed under arrest.

15.  On the same day (October 24, 2005), officers executed a search warrant at a "stash" house located at 9508 Potomac Drive in Fort Washington, Maryland.  Officers recovered eight hundred forty-four thousand five hundred twenty ($844,520.00) dollars, packaging materials,

4

cutting agents, and 100 kilograms of cocaine.

16.  On October 25, 2005, a federal grand jury in the District of Columbia returned a Superseding Indictment charging Antoine Jones and his co-conspirators with conspiracy to distribute and possess with intent to distribute cocaine and cocaine base.  *United States v. Antoine Jones, et al.*, Criminal No. 05-386 (ESH).

17.  A check of employment records in the District of Columbia , Maryland and Virginia disclosed no sources of income or earnings records for Deniece Jones or Antoine Jones during the past three years.

<u>**COUNT I**</u>

18.  All statements and averments made in paragraphs 1 through 17 are re-alleged and incorporated herein by reference.

19.  In light of the above-described events, there is reason to believe that the defendant Jeep Grand Cherokee was used or intended to be used, to transport, or facilitate the transportation, sale, receipt, possession or concealment of a controlled substance in violation of 21 U.S.C. § 801 *et seq.*; and as a result of the foregoing, the defendant vehicle is, therefore, subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(4).

<u>**COUNT II**</u>

20.  All statements and averments made in paragraphs 1 through 17 are re-alleged and incorporated herein by reference.

21.  In light of the above-described events, there is reason to believe that the defendant Jeep Grand Cherokee was purchased with proceeds that were furnished, or intended to be furnished, in exchange for a controlled substance, or is traceable to such an exchange, and as a

result of the foregoing is, therefore, subject to forfeiture to the United States pursuant to 21

U.S.C. § 881(a)(6).

## COUNT III

22.  The allegations contained in paragraphs 1 through 17 are re-alleged and incorporated

by reference herein.

23.  The defendant Grand Jeep Cherokee is subject to forfeiture because the purchase of

this vehicle constitutes money laundering.  Specifically, the purchase of the vehicle involved a

"financial transaction," as that term is defined by 18 U.S.C. §1956(c)(4), with the intent to

conceal the carrying on of such activity, which transaction in fact involves the proceeds of

"specified unlawful activity", to wit: 21 U.S.C. § 841, the purpose of which was to conceal or

disguise the nature, location, source, ownership, and/or control of the proceeds of such specified

unlawful activity.

24.  In light of the above-described events, there is reason to believe that the defendant

Jeep Grand Cherokee is property involved in money laundering transaction used to conceal or

disguise the source of the proceeds of the specified unlawful activity in violation of 18 U.S.C.

§ 1956(a)(1)(B)(i) and is, therefore, as a result of the foregoing, subject to forfeiture to the United

States pursuant to 18 U.S.C. § 981(a)(1)(A).

**WHEREFORE**, the United States of America prays that the Court issue a warrant and

summons for the arrest of the Defendant Jeep Grand Cherokee as described above; that due

notice of this action be given to all parties known or thought to have an interest in or right against

the property to appear and show cause why the forfeiture should not be decreed; that judgment be

entered declaring that the defendant property be condemned and forfeited to the United States of

6

America for disposition according to law; and that the United States of America be granted such

other relief as this Court may deem just and proper, together with the costs and disbursement of

this action.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar No. 451058


_____
WILLIAM R. COWDEN
Assistant United States Attorney
D.C. Bar No. 426301


_____
JUDITH A. KIDWELL
Assistant United States Attorney
United States Attorney's Office
Asset Forfeiture Unit, Criminal Division
555 4th Street, N.W., Room 4818
Washington, D.C.  20530
(202) 514-7250

7

## **VERIFICATION**

I, _____, Special Agent for the Federal Bureau of Investigation for the

District of Columbia, verify and declare under penalty of perjury pursuant to 28 U.S.C. § 1746

that the foregoing Complaint for Forfeiture *in rem* is based upon personal knowledge and/or

information furnished to me by law enforcement agents and that everything contained therein is

true and correct to the best of my knowledge and belief.

Executed on this _____ day of April, 2006.


_____
Stephanie Yanta
Special Agent
Federal Bureau of Investigation